UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:25-CV-125-DCR

**KATHLEEN KEITZ**                                                                                          **PLAINTIFF**

v.

**CITY OF COVINGTON; Doug ULLRICH; Sean SINACORI,
Brian Valenti, and DOES 1-50 individually and in
official capacities as police officers for the
City Covington inclusive.**                                                                                  **DEFENDANTS**

---

**COMPLAINT FOR VIOLATION OF TITLE 42 USC § 1983, *MONELL* CLAIM, VIOLATION OF
KENTUCKY STATUTES, VIOLATION OF COMMON LAW TORTS, AND DAMAGES**

**JURY TRIAL DEMANDED**

---

### INTRODUCTION

1. Rampant violations of excessive force and prejudicial conduct remain recurring problems within the Covington Police Department, undermining its efficiency and threatening not only public safety but also the Constitutional rights of citizens in Covington, Kentucky.

2. On October 26 and 27, 2024, Kathleen Keitz was subjected to repeated acts of harassment, violence, and constitutional violations at the hands of Officer Doug Ullrich and the Covington Police Department.

3. Around noon on October 26, Kathleen was inside her apartment when she heard loud banging in the hallway. Concerned, she looked out and observed Covington Police Department officers who stated they were searching for her neighbor. Without justification, the officers claimed the individual they sought was inside Kathleen's apartment. They then forced entry without a warrant and conducted an unconstitutional, invasive search.

4. After this unlawful intrusion, Kathleen attempted to continue with her day. However, later that evening she discovered her boyfriend's infidelity, which led to a painful breakup that left her emotionally shaken and vulnerable. At the time, she was using her boyfriend's truck with his permission. Not wanting to return home, she drove a short distance and parked. While sitting there, Officer Ullrich arrived and immediately escalated the situation.

5. Ullrich aggressively ordered Kathleen out of the truck and conducted a forceful search. He then grabbed her arm and applied such excessive force that her arm snapped, leaving her with a severe fracture.

6. Throughout both encounters, Kathleen was subjected to unjustified aggression, physical intrusion, and egregious abuse of police authority.

7. These incidents, documented on body-worn camera footage and other discoverable materials, provide clear evidence that Plaintiffs' Fourth and Fourteenth Amendment rights were violated as a result of Officer Ullrich's actions and the policies, practices, and failures of oversight within the Covington Police Department.

8. The facts of this case are not isolated. They exemplify a broader pattern of the Covington Police Department's failure to hold officers accountable, properly train, supervise, or discipline its personnel in accordance with constitutional requirements.

**JURISDICTION**

9. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confer jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Covington, Kentucky, which is within this judicial district. Title 28 of the United States Code, Section 1391(b) confers venue upon this Court.

**PARTIES**

10. Plaintiff KATHLEEN KEITZ (hereinafter "KATHLEEN") is, and at all times herein mentioned

was, a citizen of the United States and a resident of Covington, Kentucky.

11. Defendants CITY OF COVINGTON, OFFICER D. ULLRICH, OFFICER S. SINACORI, and COLONEL BRIAN VALENTI (hereinafter collectively referred to as "DEFENDANTS") are, and at all times herein mentioned were, entities or individuals acting under color of law and within the scope of their employment with the CITY.

12. Defendant CITY OF COVINGTON (hereinafter "CITY") is, and at all times herein mentioned was, a municipal corporation duly authorized to operate under the laws of the Commonwealth of Kentucky. The CITY operates and supervises the Covington Police Department, which employs police officers and is responsible for their conduct. KATHLEEN alleges that the CITY is legally responsible and liable for the incidents, injuries, and damages described herein. The CITY proximately caused KATHLEEN's injuries and damages through the intentional and/or negligent acts of its employees. The CITY breached its duty to KATHLEEN to provide safety and security, violated public policy when its officers used excessive force against her, and is liable under the doctrines of vicarious liability, imputed liability, and respondeat superior.

13. Defendant OFFICER D. ULLRICH (hereinafter "ULLRICH") is, and at all times herein mentioned was, an adult citizen of the United States and a resident of Kentucky. ULLRICH was employed as a full-time police officer with the CITY. At all relevant times, ULLRICH was acting under color of law and pursuant to his duties as a law enforcement officer, under oath to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

14. Defendant OFFICER S. SINACORI (hereinafter "SINACORI") is, and at all times herein mentioned was, an adult citizen of the United States and a resident of Kentucky. SINACORI was employed as a full-time police officer with the CITY. At all relevant times, SINACORI was acting under color of law and pursuant to his duties as a law enforcement officer, under oath to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to

respect the constitutional rights of all to liberty, equality, and justice.

15. Defendant COLONEL BRIAN VALENTI (hereinafter "VALENTI") is, and at all times herein mentioned was, an adult citizen of the United States and a resident of Kentucky. VALENTI was employed as the Chief of Police for the CITY. At all relevant times, VALENTI was acting under color of law and pursuant to his duties as Chief of Police, under oath to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

16. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries, and damages herein set forth. Each defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy, and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control upon any other act of omission. PLAINTIFF will ask for leave to amend her complaint subject to further discovery.

**STATEMENT OF FACTS**

17. KATHLEEN is an individual who lives in Covington, Kentucky.

18. On October 26, 2024, at approximately 12:01 p.m., KATHLEEN was at home when she heard loud banging on her neighbor's door. KATHLEEN looked out of her own door to see what was happening and observed CITY officers, including SINACORI, banging on her neighbor's door.

19. The CITY officers saw KATHLEEN and demanded to know the whereabouts of her neighbor. KATHLEEN truthfully responded that she did not know. Despite this, the CITY officers then

demanded to know if the neighbor was hiding inside KATHLEEN's apartment—an unprompted and unjustified accusation, with no reasonable basis to believe the neighbor was in her home.

20. KATHLEEN answered honestly that her neighbor was not inside and attempted to close her door. At that point, a CITY officer, along with SINACORI, forced their feet into the doorway to block it from closing and unlawfully forced entry into KATHLEEN's apartment. The CITY officers had no warrant and no probable cause to search KATHLEEN's home, yet they proceeded to conduct an unconstitutional and invasive search of the premises.

21. This conduct directly violated the CITY's own policies, which prohibit officers from entering or searching a private residence without a valid warrant, lawful consent, or exigent circumstances.

22. Later that same day, KATHLEEN was using her boyfriend's truck with his permission when she returned home early and discovered his infidelity. Upset and distraught, KATHLEEN immediately left the residence and parked two blocks away.

23. At approximately 12:30 a.m. on October 27, 2024, CITY officers stopped KATHLEEN on Scott Street in Covington, Kentucky. The CITY officers immediately demanded to search both KATHLEEN's person and the truck.

24. KATHLEEN, still shaken from the earlier unlawful entry and search, was justifiably frustrated with her continued mistreatment. Despite this, CITY officer ULLRICH and SINACORI escalated the encounter without justification, yelling at KATHLEEN and calling her an "ASSHOLE."

25. Without cause, CITY officer ULLRICH lunged at KATHLEEN, pinned her arm behind her back, and forcefully yanked it upward with such excessive force that he broke her arm.

26. The break is immediately obvious on the body-worn camera footage. Officer ULLRICH reacted by saying, "Oh shit."

27. Despite KATHLEEN screaming in pain, officer ULLRICH continued grabbing and pulling upwards on her broken arm.

28. KATHLEEN had to receive nearly forty staples in her arm as a result of officer ULLRICH's

violent acts.



29. KATHLEEN also had to have a metal rod placed in her arm to correct the severe fracture.



30. ULLRICH has a long history of violent attacks on law-abiding citizens and unconstitutional searches.

31. The CITY is well aware of ULLRICH's long history of such conduct and failed to take any corrective action.

32. On the contrary, despite Officer ULLRICH's deplorable and extensive history of violations, he has been promoted to training other officers and has received multiple raises and awards.

33. The CITY has allowed ULLRICH and other officers to act with impunity and have not only failed to properly train or supervise their officers in accordance with established policies but in fact have rewarded their behavior by giving them promotions and raises.

34. ULLRICH and SINACORI have not been disciplined at all for these acts.

35. CITY police officers are bound to the Use of Force standards set forth in the CITY's Police Department General Orders ("General Order").

36. The CITY's General Order asserts that force must be "objectively reasonable," meaning the amount of force that would be used by other reasonable and well-trained officers when faced with the circumstances that the officer using the force is presented with.

37. Furthermore, a claim of excessive force under the Fourth Amendment requires that a plaintiff demonstrate that they were seized and that the force used in effecting the seizure was objectively unreasonable.

38. Here, none of PLAINTIFF's actions amounted to conduct that reasonably would warrant the excessive use of force performed by ULLRICH and SINACORI.

39. Nonetheless, ULLRICH and SINACORI ignored the CITY's General Order and applied unreasonable force to KATHLEEN's arm while KATHLEEN did not physically take any action to warrant that aggressive use of force, thus violating the General Order.

40. The CITY's General Order also provides an escalating scale for employing force; under this, officers "shall not use a more forceful option unless lesser verbal or physical force would be or has been ineffective or inappropriate."

41. Here, ULLRICH and SINACORI failed to use lesser forms of force.

42. Throughout both incidents involving KATHLEEN, officers blatantly disregarded the CITY's General Order and substantially deviated from what the CITY's General Order requires.

43. These violations directly caused unnecessary harm to KATHLEEN.

44. CITY police officers have a pattern and practice of using unnecessary and unreasonable force.

45. CITY has multiple policies that require lawful procedures prior to search and de-escalation prior to the use of force, but CITY allows officers to act without reprimand when using excessive force and performing unconstitutional searches.

46. KATHLEEN demands accountability and seeks to prevent future constitutional violations against law-abiding citizens.

**DAMAGES**

47. PLAINTIFF was physically, mentally, and emotionally injured as a direct and proximate result of the attack on her person, including but not limited to physical injuries and emotional damage resulting in a fear of government officials and post-traumatic stress–related illnesses as a consequence of DEFENDANTS' violations of her federal civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

48. PLAINTIFF is entitled to recover damages pursuant to the pain and suffering she endured as a result of her civil rights being violated and the tortious acts by DEFENDANTS.

49. PLAINTIFF found it necessary to engage the services of private counsel to vindicate her rights under the law. PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. §§ 1983, 1985–86, and 1988.

**FIRST CAUSE OF ACTION**
(Violation of the Fourth Amendment to the United States Constitution – Excessive Force)
(42 U.S.C. § 1983)
(PLAINTIFF v. ULLRICH and SINACORI)

50. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. ULLRICH and SINACORI's above-described conduct violated PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from excessive, arbitrary, and unreasonable force.

52. PLAINTIFF was forced to endure great pain and suffering because of the conduct of ULLRICH and SINACORI.

53. ULLRICH and SINACORI acted under color of law by grabbing PLAINTIFF without lawful justification and subjecting PLAINTIFF to excessive force, thereby depriving her of certain constitutionally protected rights, including, but not limited to:

54. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

Amendment to the United States Constitution.

55. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Monell Claim – 42 U.S.C. § 1983)
(PLAINTIFF v. CITY)

56. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

57. The CITY had a duty to adequately train, supervise, and discipline its police officers in order to protect members of the public, including PLAINTIFF, from having their homes unreasonably searched and being unlawfully harmed by unnecessary police force.

58. The CITY was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained of herein.

59. The CITY's inaction created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the CITY itself seems uninterested in ensuring compliance with its own policies and procedures.

60. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Battery)
(PLAINTIFF v. ALL DEFENDANTS)

61. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

62. This action is brought pursuant to common law torts. As public employees, ULLRICH and DOES 1–50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH and DOES 1–50 were acting within the course and scope of their employment and/or agency with the CITY. As such, the CITY is liable under respondeat superior for the injuries caused by the acts and omissions of ULLRICH and DOES 1–50.

63. CITY, ULLRICH, and DOES 1–50 perpetrated an intentional, vicious physical attack on

PLAINTIFF and battered her. ULLRICH and DOES 1–50 had the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFF.

64. PLAINTIFF has a right to be free from unwanted or unwarranted contact with her person, and this right was violated by DEFENDANTS' actions and omissions.

65. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Assault)
(PLAINTIFF v. ALL DEFENDANTS)

66. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

67. This action is brought pursuant to common law torts. ULLRICH, SINACORI, and DOES 1–50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH, SINACORI, and DOES 1–50 were acting within the course and scope of their employment and/or agency with the CITY. As such, the CITY and VALENTI are liable under respondeat superior for the injuries caused by the acts and omissions of ULLRICH, SINACORI, and DOES 1–50.

68. ULLRICH, SINACORI, and DOES 1–50 caused PLAINTIFF to fear that she was going to be severely harmed.

69. ULLRICH and SINACORI grabbed PLAINTIFF without cause. DEFENDANTS' conduct was neither privileged nor justified under statute or common law.

70. As a result of DEFENDANTS' acts, PLAINTIFF was placed in great apprehension of imminent harmful and offensive contact with her person.

71. At no time did PLAINTIFF consent to any of the acts by DEFENDANTS alleged herein.

72. DEFENDANTS' conduct caused PLAINTIFF to be apprehensive that she would be subjected to further intentional invasions of her right to be free from offensive and harmful contact, and DEFENDANTS demonstrated that they had the present ability to subject her to such contact.

73. As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered

physical injury, severe emotional distress, humiliation, embarrassment, anxiety, and economic harm.

74. PLAINTIFF has a right to be free from fear of unwanted or unwarranted contact with her person, and her rights were violated by DEFENDANTS' actions and omissions.

75. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(PLAINTIFF v. ALL DEFENDANTS)

76. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

77. This action is brought pursuant to common law torts. As public employees, ULLRICH, SINACORI, and DOES 1–50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH, SINACORI, and DOES 1–50 were acting within the course and scope of their employment and/or agency with the CITY. As such, the CITY and VALENTI are liable under respondeat superior for the injuries caused by the acts and omissions of ULLRICH, SINACORI, and DOES 1–50.

78. SINACORI, and DOES 1–50 entered her apartment without cause. ULLRICH, SINACORI, and DOES 1–50 perpetrated a vicious physical attack on PLAINTIFF by grabbing her and breaking her arm. ULLRICH, SINACORI, and DOES 1–50 then continued to harass PLAINTIFF after breaking her arm.

79. PLAINTIFF has a right to be free from such callous actions aimed at inflicting mental and emotional damage, and this right was violated by DEFENDANTS.

80. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Negligence)
(PLAINTIFF v. ALL DEFENDANTS)

81. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint,

except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

82. In the alternative, PLAINTIFF alleges DEFENDANTS' negligent actions and/or negligent failure to act within the scope and course of their employment with the CITY proximately caused severe physical injury to PLAINTIFF.

83. This action is brought pursuant to common law torts. As public employees, ALL DEFENDANTS are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ALL DEFENDANTS were acting within the course and scope of their employment and/or agency with the CITY. As such, the CITY is liable under respondeat superior for the injuries caused by the acts and omissions of ALL DEFENDANTS.

84. As a direct and proximate result of DEFENDANTS' negligence, PLAINTIFF has sustained physical injuries and pecuniary loss, including loss of comfort, society, attention, and services, in an amount to be determined at trial.

85. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(PLAINTIFF v. CITY and VALENTI)

86. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

87. PLAINTIFF claims that she was wrongfully restrained at the scene of the incident.

88. DEFENDANTS intentionally deprived PLAINTIFF of her freedom of movement by use of physical barriers, threats of force, and unreasonable duress.

89. DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF harm.

90. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
(False Imprisonment)
(PLAINTIFF v. DEFENDANTS)

91. KATHLEEN re-alleges and incorporates by reference paragraphs 1 through 84 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

92. KATHLEEN claims that she was wrongfully confined and restrained by DEFENDANTS during the incidents described above, including inside her residence and later during the stop outside Jack's Glass on Scott Street in Covington, Kentucky.

93. DEFENDANTS intentionally deprived KATHLEEN of her freedom of movement without lawful cause.

94. The acts of DEFENDANTS caused KATHLEEN to be unlawfully detained and restrained by threats of force, physical intimidation, and the unlawful use of authority. The restraint and confinement were not voluntary, and KATHLEEN was harmed by these acts.

95. DEFENDANTS' conduct was a substantial factor in causing harm to KATHLEEN. As a result, KATHLEEN suffered physical injury, emotional distress, and other damages according to proof at trial.

96. The CITY is liable for the actions of DEFENDANTS under the doctrine of respondeat superior, as the acts complained of were undertaken within the course and scope of DEFENDANTS' employment as CITY police officers.

WHEREFORE, KATHLEEN prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
(False Arrest – Against DEFENDANTS ULLRICH, SINACORI, and CITY under Respondeat Superior)

97. KATHLEEN re-alleges and incorporates by reference paragraphs 1 through 90 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, or oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

98. On or about October 27, 2024, outside Jack's Glass on Scott Street in Covington, Kentucky, ULLRICH and SINACORI wrongfully arrested and detained KATHLEEN without probable cause or lawful justification.

99. ULLRICH and SINACORI had no warrant, no reasonable suspicion, and no legal authority to arrest KATHLEEN. Their actions were arbitrary, capricious, and unlawful.

100. The unlawful conduct of ULLRICH and SINACORI caused KATHLEEN to be deprived of her liberty and freedom of movement against her will, resulting in physical injury, emotional distress, and other damages.

101. The CITY is liable for the actions of ULLRICH and SINACORI under the doctrine of respondeat superior, as the acts complained of were undertaken within the course and scope of their employment as CITY police officers.

102. WHEREFORE, KATHLEEN prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION

(Violation of the Fourteenth Amendment – Against DEFENDANTS ULLRICH, SINACORI, CITY, and VALENTI under Respondeat Superior)

103. KATHLEEN re-alleges and incorporates by reference paragraphs 1 through 95 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

104. ULLRICH and SINACORI, acting under color of law, deprived KATHLEEN of her substantive and procedural rights guaranteed under the Fourteenth Amendment to the United States Constitution, including the right to liberty, bodily integrity, and equal protection of the laws.

105. The conduct of ULLRICH and SINACORI included unlawfully detaining KATHLEEN without lawful cause, and using excessive force that resulted in serious physical injury.

106. These actions were undertaken with deliberate indifference to KATHLEEN's constitutional rights and caused her physical, emotional, and economic harm.

107. The CITY and VALENTI are liable for the actions of ULLRICH and SINACORI under the doctrine of respondeat superior, as the acts complained of were undertaken within the course and scope of their employment as CITY police officers.

108. WHEREFORE, KATHLEEN prays for relief as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
(Illegal Search of Residence – Against DEFENDANTS SINACORI, DOES 1–10, and CITY under Respondeat Superior)

109. KATHLEEN re-alleges and incorporates by reference paragraphs 1 through 100 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

110. On or about October 26, 2024, SINACORI, along with DOES 1–10, unlawfully forced entry into KATHLEEN's apartment without a warrant, lawful consent, or exigent circumstances.

111. SINACORI and DOES 1–10 conducted an unconstitutional and invasive search of KATHLEEN's home in direct violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

112. This conduct also violated the CITY's own policies, which prohibit officers from entering or searching a private residence absent a valid warrant, lawful consent, or recognized emergency.

113. As a direct and proximate result of the unlawful search, KATHLEEN suffered fear, emotional distress, loss of privacy, and other damages.

114. The CITY is liable for the actions of SINACORI and DOES 1–10 under the doctrine of respondeat superior, as the acts complained of were undertaken within the course and scope of their employment as CITY police officers.

115. WHEREFORE, KATHLEEN prays for relief as hereinafter set forth.

**JURY DEMAND**

116. PLAINTIFF hereby demands a jury trial.

**PRAYER FOR RELIEF**

117. WHEREFORE, PLAINTIFF prays for relief as follows:

118. For general damages in a sum according to proof;

119. For special damages, including but not limited to, past, present, and future wage loss, medical expenses, and other special damages to be determined according to proof;

120. For punitive and exemplary damages against each DEFENDANT in a sum according to proof;

121. For any and all permissible statutory damages;

122. For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a);

123. For all other relief the Court deems just and proper.

**Dated: August 20, 2025**

Attorney for Plaintiff
Jamir Davis, Esq.
J. Davis Law Firm, PLLC
328 Scott Street
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com
www.jdaviscounsel.com